# UNITED STATES DISTRICT COURT
## Northern District of California
### San Francisco Division

| | |
|---|---|
| G.N. IHEAKU & COMPANY LIMITED,<br><br>    Plaintiff,<br>    v.<br>DOES 1-3,<br>    Defendants. | No. C 14-02069 LB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S *EX PARTE* MOTION FOR EXPEDITED DISCOVERY**<br><br>**[ECF No. 6]** |

## INTRODUCTION

Plaintiff G.N. Iheaku & Company Limited ("GNI") asserts against three unknown Doe defendants claims for fraud, conversion, violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2511, and violation of the Stored Communications Act, 18 U.S.C. § 2701. Complaint, ECF No. 1.[1] It seeks permission to take limited, expedited discovery from Hanmi Bank and Yahoo! Inc. to identify and name the Doe defendants in this case so that it can complete service of process. *Ex Parte* Motion for Expedited Discovery, ECF No. 6 at 16. GNI consented to this court's jurisdiction on May 6, 2014. ECF No. 5.

As discussed below, GNI has demonstrated the following: (1) the Doe defendants are real people who may be sued in federal court; (2) it has unsuccessfully attempted to identify the Doe defendants

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

C 14-02069 LB
ORDER RE EARLY DISCOVERY

1  prior to filing this motion; (3) its claims against the Doe defendants could survive a motion to
2  dismiss; and (4) there is a reasonable likelihood that service of the proposed subpoenas on Hanmi
   Bank ("Proposed Hanmi Bank Subpoena") and Yahoo! Inc. ("Proposed Yahoo! Subpoena") will
3  lead to information identifying the Doe defendants. The court therefore finds that good cause exists
4  to allow GNI to engage in this preliminary discovery. However, the court limits the scope of the
5  proposed subpoena on Hanmi Bank to allow GNI to request only what is reasonably needed to
6  discover the identities of the account holder(s). Accordingly, the court **GRANTS IN PART** and
7  **DENIES IN PART** GNI's motion.

## STATEMENT

GNI is a Nigeria-based limited company that is in the business of importing general merchandise, focusing on agricultural and fish products. Complaint, ECF No. 1 at 2, ¶ 1. In February and March of 2014, GNI entered into a transaction with Salka-Fiskmiðlun hf. ("Salka"), an Icelandic company, to purchase dried fish products for $270,000.00. *Id.* at 4, ¶ 18. The parties arranged for GNI to pay the $270,000.00 by wire transfer. *Id*. at 2, ¶ 2. On March 28, 2014, Salka sent an email providing wire instructions to GNI's Yahoo! email address, asking GNI to wire the funds to Salka's account with JPMorgan Chase in New York. *Id.* at 5, ¶ 22. GNI claims it never received such email. *Id.* at ¶ 23. Instead, GNI claims that the Doe defendants intercepted and deleted Salka's email, and on March 31, 2014 sent another email from a nearly identical email address of that of Salka's, instructing GNI to wire the $270,000.00 to a Hanmi Bank in California under an account named "Peaches" ("Peaches Account"). *Id.* at ¶¶ 24-27. On April 2, 2014, having no reason to believe that the email from Doe 1 was a forgery, GNI wired the funds to Hanmi Bank per the email's listed instructions. *Id*. at ¶ 30. Upon receiving the wire transfer, the Doe defendants withdrew or transferred the funds from the Peaches Account, thereby committing fraud and conversion, as well as violating the Electronic Communications Privacy Act, 18 U.S.C. § 2511 and the Stored Communications Act, 18 U.S.C. § 2701, and causing economic harm. *Id.* at 6-8, ¶¶ 34-64.

Because GNI believed the forged email was a genuine email from Salka, and because the only identifiable name found under the wire instructions is the Hanmi Bank account name "Peaches," GNI does not know the Doe defendants' names and addresses and cannot complete service of

UNITED STATES DISTRICT COURT
For the Northern District of California

process on them. Motion, ECF No. 6 at 8; Dec'l of Chinemeya Iheaku, ECF No. 8, Ex. A. Pursuant to Local Civil Rule 7-10, GNI certifies that it attempted to identify the Doe defendants without success. *Id.* Efforts include engaging in an "extensive" discussion with Salka about the mechanics of the scam, including obtaining a copy of the bona fide email sent by Salka, reviewing the forged email to identify information about the Doe defendants, including the sending Internet Protocol ("IP") address, seeking identifying information about the Doe defendants from Hanmi Bank and Yahoo! Inc., and reviewing its own email records to determine if there was any evidence of tampering or unauthorized access. *Id.* at 12. GNI therefore asks for early discovery under Federal Rule of Civil Procedure 26(d) and leave to serve the Proposed Hanmi Bank Subpoena and Proposed Yahoo! Subpoena to obtain the names and contact information of the Doe defendants to effect service of process on them. Dec'l of Karl S. Kronenberger, ECF No. 7 at 2, Ex. A-B.

## ANALYSIS

### I. LEGAL STANDARD

A court may authorize early discovery before the Rule 26(f) conference for the parties' and witnesses' convenience and in the interests of justice. Fed. R. Civ. P. 26(d). Courts within the Ninth Circuit generally consider whether a plaintiff has shown "good cause" for the early discovery. *See, e.g., IO Group, Inc. v. Does 1-65*, No. C 10-4377 SC, 2010 WL 4055667, at *2 (N.D. Cal. Oct. 15, 2010); *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 275-77 (N.D. Cal. 2002); *Texas Guaranteed Student Loan Corp. v. Dhindsa*, No. C 10-0035, 2010 WL 2353520, at *2 (E.D. Cal. June 9, 2010); *Yokohama Tire Crop. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 613-14 (D. Ariz. 2001) (collecting cases and standards).

When the identities of defendants are not known before a complaint is filed, a plaintiff "should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). In evaluating whether a plaintiff establishes good cause to learn the identity of Doe defendants through early discovery, courts examine whether the plaintiff (1) identifies the Doe defendant with sufficient specificity that the court can determine that the defendant is a real person who can be sued in federal court, (2) recounts the steps taken to locate and identify the defendant, (3) demonstrates that the action can withstand a

1   motion to dismiss, and (4) proves that the discovery is likely to lead to identifying information that will permit service of process. *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999).

## II. GNI HAS SHOWN GOOD CAUSE TO TAKE EARLY DISCOVERY

Here, GNI has made a sufficient showing under each of the four factors listed above to establish good cause to permit it to engage in early discovery to identify the Doe defendants.

First, GNI has associated the Doe defendants with specific acts of misconduct that could only have been perpetrated by actual people, as opposed to a mechanical process. Motion, ECF No. 6 at 10-11. More specifically, GNI has demonstrated that: (1) the interception and deletion of Salka's email to GNI; (2) the creation and sending of the forged email using a deceptive email address; (3) the creation of the Peaches Account; and (4) the withdrawal of the funds from the Peaches Account were acts that could only be carried out by real people, especially because the misconduct reflects a specific and creative fraudulent plan. *Id.* In addition, GNI has shown that the Doe defendants are real people who may be subject to jurisdiction in this court by providing that the locus of the misconduct is in California, where Hanmi Bank and Yahoo! Inc. are located. *Id.* at 11.

Second, as previously mentioned, GNI has adequately described the steps it took in the effort to locate and identify the Doe defendants. Specifically, its efforts include the following: (1) engaging in an "extensive" discussion with Salka about the mechanics of the scam, including obtaining a copy of the bona fide email sent by Salka; (2) reviewing the forged email to identify information about the Doe defendants, including the sending IP address; (3) seeking identifying information about the Doe defendants from Hanmi Bank and Yahoo! Inc.; and (4) reviewing its own email records to determine if there was any evidence of tampering or unauthorized access. *Id.* at 12.

Third, GNI pled the essential elements to state a claim for fraud, conversion, violation of the Electronic Communications Privacy Act, and violation of the Stored Communications Act. *Id.* at 10-16; *see also* Complaint, ECF No. 1 at 6-8, ¶¶ 34-64.

Fourth, GNI has demonstrated that the proposed subpoenas seek information likely to lead to identifying information that will allow it to effect service of process on the Doe defendants. Specifically, the Proposed Yahoo! Subpoena requests that Yahoo! Inc. produce information sufficient to identify the Doe defendants who accessed GNI's Yahoo! email account from January 1,

2014 to the present, including IP addresses that accessed GNI's account, the dates and times of the logins, and the duration of logins, as well as any other documents reflecting information about persons who accessed GNI's account from January 1, 2014 to the present. Dec'l of Karl S. Kronenberger, ECF No. 7 at Ex. B.

The Proposed Hanmi Bank Subpoena also demonstrates that the discovery is likely to lead to identifying information that will allow GNI to effect service of process on the Doe defendants. However, GNI requests for production of documents that are more suited for the merits discovery stage and exceeds the scope sufficed for learning the identities of the Doe defendants. In addition, the court believes the time period covered by the proposed subpoena is overbroad. Accordingly, the court will limit discovery to the following requests:

> Documents sufficient to identify all names, physical addresses, PO boxes, electronic addresses (including email addresses), telephone numbers, or other customer identifying information that are or have been associated with the Peaches Account;
>
> Documents sufficient to show any payments or deposits made to the Peaches Account, including any wire transfers from *March 1, 2014 to April 30th, 2014*; and
>
> Documents sufficient to show any payments or withdrawals made from the Peaches Account, including any wire transfers from *March 1, 2014 to April 30th, 2014.*

Taken together, the court finds that the foregoing factors demonstrate good cause exists to grant in part GNI's leave to conduct early discovery generally. *See Semitool*, 208 F.R.D. at 276. Furthermore, the court finds that early discovery furthers the interests of justice and poses little, if any, inconvenience to the subpoena recipient. Permitting GNI to engage in this limited, early discovery is therefore consistent with Rule 26(d).

**CONCLUSION**

For the reasons stated above, the court **GRANTS IN PART** and **DENIES IN PART** GNI's *Ex Parte* Motion for Expedited Discovery. The court will allow limited early discovery. The proposed subpoena and request for production of documents on Hanmi Bank will be limited to the aforementioned documents.

1. **IT IS HEREBY ORDERED** that GNI may immediately serve on Yahoo! Inc. the Proposed Yahoo! Subpoena to obtain information to identify Doe 1. GNI's proposed subpoena is acceptable.

2. **IT IS FURTHER ORDERED** that GNI may immediately serve a Rule 45 subpoena on Hanmi Bank to obtain information to identify Does 2-3, but is limited only to requesting:

Documents sufficient to identify all names, physical addresses, PO boxes, electronic addresses (including email addresses), telephone numbers, or other customer identifying information that are or have been associated with the Peaches Account;

Documents sufficient to show any payments or deposits made to the Peaches Account, including any wire transfers from March 1, 2014 to April 30th, 2014; and

Documents sufficient to show any payments or withdrawals made from the Peaches Account, including any wire transfers from March 1, 2014 to April 30th, 2014.

The subpoena shall have a copy of this order attached.

3. **IT IS FURTHER ORDERED** that Hanmi Bank and Yahoo! Inc. will have 30 days from the date of service upon them to serve Does 1-3 with a copy of the subpoena and a copy of this order. Hanmi Bank and Yahoo! Inc. may serve Does 1-3 using any reasonable means, including written notice sent to his or her last known address, transmitted either by first-class mail or via overnight service.

4. **IT IS FURTHER ORDERED** that Does 1-3 shall have 30 days from the date of service upon him or her to file any motions in this court contesting the subpoena (including a motion to quash or modify the subpoena). If that 30-day period lapses without Does 1-3 contesting the subpoena, Hanmi Bank and Yahoo! Inc. shall have 10 days to produce the information responsive to the subpoena to GNI.

5. **IT IS FURTHER ORDERED** that the subpoenaed entity shall preserve any subpoenaed information pending the resolution of any timely-filed motion to quash.

6. **IT IS FURTHER ORDERED** that Hanmi Bank and Yahoo! Inc. shall confer with GNI and shall not assess any charge in advance of providing the information requested in the subpoena. If Hanmi and/or Yahoo! Inc. elects to charge for the costs of production, it shall provide a billing summary and cost reports that serve as a basis for such billing summary and any costs claimed by Hanmi Bank and/or Yahoo! Inc.

7. **IT IS FURTHER ORDERED** that GNI shall serve a copy of this order along with any subpoenas issued pursuant to this order to the necessary entities.

8. **IT IS FURTHER ORDERED** that any information disclosed to GNI in response to a Rule 45 subpoena may be used by Plaintiff solely for the purpose of protecting GNI's rights as set forth in its complaint.

This disposes of ECF No. 6.

**IT IS SO ORDERED.**

Dated: June 17, 2014

_____
LAUREL BEELER
United States Magistrate Judge